In the Matter of the Arbitration Between: HUFFCO PETROLEUM CORP.; et al.

v.

TRANSCONTINENTAL GAS PIPE LINE CORP.; et al.

Civ. A. No. H–87–2272.

United States District Court, S.D. Texas, Houston Division.

Jan. 20, 1988.

Gary C. Johnson, Dotson, Babcock & Scofield, Houston, Tex., for plaintiffs.

Bradley Westmoreland, Harris & Westmoreland, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER
## OF DISMISSAL

DeANDA, District Judge.

■ Plaintiffs Huffco Petroleum Corporation, Jerry Chambers, and Evelyn Chambers filed this lawsuit on July 16, 1987, seeking to confirm an arbitration award against Defendants Transcontinental Gas Pipe Line Corporation and Transco Energy Marketing Company. Plaintiffs asserted federal question subject matter jurisdiction under 9 U.S.C. § 1 *et seq.*, the federal arbitration statute. Defendants moved to dismiss under F.R.Civ.Pro. 12(b)(1) and for Rule 11 sanctions. Defendants correctly pointed out that 9 U.S.C. § 1 *et seq.*, is not an independent source of federal question subject matter jurisdiction.

Recognizing their subject matter jurisdiction obstacle, on August 17, 1987, Plaintiffs submitted an amended complaint. The Clerk's office refused to file the amended complaint because Defendants had already answered and Plaintiffs had not obtained leave of court. *See* F.R.Civ.Pro. 15(a). Nevertheless, the parties proceeded to brief the subject matter jurisdiction issue as if Plaintiffs' amended complaint had been filed, which was appropriate because the Court most certainly would permit Plaintiffs to amend their complaint at this early stage to establish subject matter jurisdiction.

Plaintiffs' amended complaint asserts federal question subject matter jurisdiction under 43 U.S.C. § 1331 *et seq.*, the Outer Continental Shelf Lands Act (hereinafter referred to as OCSLA). As previously mentioned, Plaintiffs seek an order confirming an arbitration award. The parties arbitrated the issue of whether Defendants breached the "take or pay" provision of their 1976 Gas Purchase Contract. The Board of Arbitrators found that Defendants breached the take or pay clause and awarded Plaintiffs $9,010,049.00 in damages (*See* Exhibit H to Plaintiffs' Original Complaint).

■ This Court has federal question subject matter jurisdiction over Plaintiffs' amended complaint to enforce the arbitration award only if there is federal court subject matter jurisdiction over the contract dispute under OCSLA. The relevant OCSLA jurisdictional provision provides federal district courts with jurisdiction over "cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals...." *See* 43 U.S.C. § 1349(b)(1). The issue in the case at hand is whether the contractual dispute involved "exploration, development, or production." Because the controversy pertained to a take or pay provision in a natural gas sales contract, the Court concludes the controversy does not involve exploration, development or production and therefore the Court lacks OCSLA jurisdiction.

OCSLA defines exploration, development and production at 43 U.S.C. § 1331(k), (*l*), (m). The definitions clearly reflect Congress' concern in efficiently regulating and preserving the resources in an area in which the federal government asserts a strong interest. The definition of exploration conveys Congress' intent to involve it, and the federal courts, in the process of locating the presence of minerals. Likewise, the definition of development indicates the same effort to federally supervise the removal of minerals after discovery. Congress listed production as the final area of federal involvement. Congress defined production as "those activities which take place after the successful completion of any means for the removal of minerals, including such removal, field operations, transfer of minerals to shore, operation monitoring, maintenance, and work-over drilling." 43 U.S.C. § 1331(m).

Thus, while Congress clearly intended federal courts to have jurisdiction over private contractual disputes involving Outer Continental Shelf minerals,[1] Congress drew

---

1. The Court notes that the United States Supreme Court held in *Gulf Offshore Company v. Mobil Oil Corporation,* 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981), that states have concurrent jurisdiction under OCSLA in at least some cases.

402

the line at the production stage.[2] By enacting OCSLA Congress explicitly claimed an interest in the three stages that determine the quantity and methods by which minerals are extracted. The contractual dispute in the case at hand falls beyond these three stages and therefore invokes neither federal interest nor federal court jurisdiction. More specifically, breach of a take or pay clause is germane to the sale of minerals rather than exploration, development or production.

The case law supports the Court's conclusion that it lacks subject matter jurisdiction. In *ANR Pipeline Company v. Conoco, Inc.*, 646 F.Supp. 439 (W.D.Mich.1986), the court discussed at length OCSLA's applicability to a private contractual dispute over a take or pay provision. Rejecting subject matter jurisdiction, the *ANR* court noted that other district courts have reached the contrary conclusion but pointed out that these decisions did little more than broadly construe the statute. *See* 646 F.Supp. at 446. The *ANR* court, on the other hand, embarked on a detailed examination of the legislative history and purpose of OCSLA.

Like the ANR court, this Court finds the leading Fifth Circuit case, *Laredo Offshore Constructors, Inc. v. Hunt Oil Co.*, 754 F.2d 1223 (5th Cir.1985), distinguishable. The *Laredo* case involved a contractual dispute over the partial construction of a fixed platform. Platform construction is explicitly included in OCSLA's definition of development. *See* 43 U.S.C. § 1331(1). *See also* 754 F.2d at 1226. The *Laredo* court's holding that the district court had subject matter jurisdiction is limited to the persuasive facts of that case. The *Laredo* court limited its holding to the facts presented in *Laredo*. *See* 754 F.2d at 1229. All the cases the *Laredo* court cited in support of its decision likewise involved exploration, development or production. *See id.*

The Court thus finds it lacks subject matter jurisdiction and accordingly

ORDERS Plaintiffs' complaint is DISMISSED. The Court further

ORDERS Defendants' motion for Rule 11 sanctions is DENIED.

---

**2.** The Court recognizes that federal courts have jurisdiction over OCSLA personal injury suits, not traditionally an area of federal jurisdiction. *See* 43 U.S.C. § 1349(b)(2). OCSLA personal injury suits, however, arise through the failure to comply with regulations written under OCSLA. *See id.*